# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 12-7 (RHK) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Isaac Hodge, III | |
| Defendant. | |

This matter is presently before the Court on Defendant's self-styled submission entitled "Motion To Obtain Court Documents." (Doc. No. 14.) Defendant is asking for free copies of "his Indictment or Information, Judgment and Commitment, and Sentencing Transcripts." Defendant's Motion indicates that he intends to challenge his conviction and/or sentence in this case by bringing a motion under 28 U.S.C. § 2255, and he apparently believes the court records he is seeking will assist him in that endeavor.

Defendant seems to believe that he is entitled to free copies of court documents simply because he is (allegedly) indigent. However, even if a defendant is indigent, and therefore eligible to proceed in forma pauperis ("IFP"), he is not automatically entitled to free copies of court documents for use in post-conviction proceedings. The IFP statute authorizes federal courts to "direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court...." 28 U.S.C. § 1915(c). (Emphasis added.) This statute is intended to provide documents to the courts of appeals, not to individual litigants. See Schwartz v. Interpol, Office of Information and Privacy, Nos. 94-411, 94-4142 (10th Cir.) 1995 WL 94664 (unpublished opinion) *2 ("[a]lthough this statute thus relieves the litigant of the cost of preparing the record on appeal, it does not grant the court the authority to

provide an indigent litigant with certified copies of all documents in the record"), cert. denied, 515 U.S. 1146 (1995). Here, the Court of Appeals has not required that any part of the District Court record be produced. Therefore, Defendant is not entitled to the materials he is seeking under § 1915. See Douglas v. Green, 327 F.2d 661, 662 (6th Cir. 1964) (per curiam) ("[t]he statutory right to proceed in forma pauperis . . . does not include the right to obtain copies of court orders without payment therefor").

Defendant also cites 28 U.S.C. § 753(f) to support his request for a free copy of his sentencing transcript (and other court documents). That statute does authorize federal courts to provide indigent criminal defendants with free transcripts for use in connections with § 2255 motions, but only under certain circumstances. Section 753(f), provides that –

> "Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose <u>if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal</u>." (Emphasis added.)

This statute clearly indicates that free transcripts do not have to be provided to indigent post-conviction petitioners in every case. "Under 28 U.S.C. § 753(f), an indigent defendant is entitled to have the government pay the fees for a copy of his transcript in a § 2255 proceeding only if he demonstrates that his suit is not frivolous and that the transcript is needed to decide the issue presented by the suit." Sistrunk v. United States, 992 F.2d 258, 259 (10th Cir. 1993). See also United States v. Losing, 601 F.2d 351, 353 (8th Cir. 1979) ("it is clear that a majority of the [Supreme] Court [has] concluded that a prisoner has no absolute right to a transcript to assist him in the preparation of a collateral attack on his conviction, and that constitutional requirements are met by providing such materials only after judicial certification that they are required to decide the

issues presented by a non-frivolous pending case").

Here, Defendant wants a copy of the transcript from his sentencing (as well as other court records) to support a claim for ineffective assistance of counsel that he purportedly intends to raise in a <u>future</u> § 2255 motion. He allegedly needs the documents he is seeking to show that he was "given affirmative misrepresentations as to the leve[l] of punishment he would receive." ("Motion to Obtain Court Documents," [Doc. No. 14], p. 2.) However, the Court finds that Defendant has not identified an adequate, non-frivolous, need for the materials he is seeking.

The Court initially notes that Defendant expressly waived his right to file a § 2255 motion under the terms of his plea agreement. Because Defendant's plea agreement bars him from bringing a § 2255 motion, he cannot show that he has any need for any court documents to support such a motion.

Furthermore, it is now too late for Defendant to challenge his conviction and sentence in a § 2255 motion. Such motions are subject to a one-year statute of limitations (28 U.S.C. § 2255(f)), which normally begins to run from the date when the judgment at issue became final. Judgment was entered in this case on May 2, 2012 (Doc. No. 11), and Defendant did not file a direct appeal. Because Defendant did not file a direct appeal, the judgment became final upon the expiration of the fourteen-day deadline for filing an appeal – i.e., on May 16, 2012. <u>See</u> Fed. R. App. P. 4(b) (deadline for filing notice of appeal in criminal case is fourteen days after entry of judgment); <u>Murray v. United States</u>, 313 F. App'x 924, 925 (8th Cir. 2009) (unpublished opinion) (if federal criminal defendant does not file a direct appeal, judgment of conviction becomes final, for § 2555 purposes, when the deadline for filing a notice of appeal expires). Thus, the statutory deadline for seeking relief under § 2255 expired on May 16, 2013, and it is now too late for Defendant to file a

3

§ 2255 motion.[1]

Even if Defendant could seek relief under § 2255, he has not shown that the documents he is now requesting are necessary to support the ineffective assistance of counsel claim that he apparently has in mind. Defendant asserts (very briefly and obliquely) that his attorney misrepresented "the leve[l] of punishment he would receive." However, Defendant has not shown how any sentencing transcripts or other court records would support that claim. Indeed, it seems highly unlikely that any "affirmative misrepresentations" by Defendant's counsel regarding Defendant's "leve[l] of punishment" would be disclosed by any court documents. In any event, Defendant certainly has not shown that he truly needs any particular Court document in order to present whatever claim of ineffective assistance of counsel he may be contemplating.

It appears to the Court that Defendant is seeking free court documents simply to peruse them, with the hope of finding something that might somehow support a collateral challenge to his conviction or sentence. However, court documents will not be provided (free of charge) for such purposes. See Culbert v. United States, 325 F.2d 920, 922 (8th Cir. 1964) ("'[a]n indigent [criminal defendant] is not entitled to a transcript at government expense without a showing of the need, merely to comb the record in the hope of discovering some flaw'") (per curiam), quoting United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963); Prince v. United States, 312 F.2d 252, 253 (10th Cir. 1962) (per curiam) ("[t]here is no statutory authority under 28 U.S.C.A. § 1915, 28 U.S.C.A. 753, or elsewhere, allowing the expenditure of government funds as an aid to impecunious persons

---

[1] Defendant has cited Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012), but those cases cannot postpone the date when the statute of limitations began to run, because both of those cases were decided on March 21, 2012, which was before the judgment became final in Defendant's case.

exploring the possibility of post conviction remedies").

Because Defendant has not shown that he has any legitimate need for a copy of his sentencing transcript, or any other court documents, his present "Motion To Obtain Court Documents" will be denied.

Also before the Court at this time is an undated letter from Defendant, which was received on August 19, 2013. (Doc. No. 15.) In that letter, Defendant asks to have an attorney appointed to represent him in this case because he believes he has some grounds for seeking post-conviction review of his sentence (even though he has waived his right to file a § 2255 motion under the terms of his plea agreement). It appears that Defendant wants to raise an "ex post facto claim," which would be separate and distinct from the ineffective assistance of counsel claim cited in his "Motion To Obtain Court Documents." Although Defendant has not presented his request for counsel by means of a formal motion, the Court will construe his letter to be a motion for appointment of counsel.[2]

A federal court can appoint counsel to represent an indigent prisoner in a § 2255 proceeding, if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). However, there is no constitutional or statutory right to counsel in post-conviction proceedings. Pennsylvania v. Finley, 481 U.S. 551, 556 (1987). The decision as to whether counsel should be appointed in a federal post-conviction proceeding is purely discretionary. United States v. Degand, 614 F.2d 176, 178 (8th Cir. 1980); see also McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Mosby v. Mabry, 697 F.2d

---

[2] Defendant should not expect such an indulgent construction of future submissions. Fed. R. Crim. P. 47(a) plainly requires that "[a] party applying to the court for an order must do so by motion." Therefore, if Defendant hereafter seeks any further relief in this case, he must present his request in a formal motion that complies with Rule 47.

213, 214 (8th Cir. 1982). Among the factors the court should consider in determining whether to appoint counsel are the factual complexity of the case, the ability of the petitioner to present his or her claims, the complexity of the legal issues, and whether both the petitioner and the court would benefit from representation by counsel for both parties. McCall, 114 F.3d at 756; Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

In this case, Defendant has not shown that "the interests of justice" require appointment of counsel. Defendant vaguely suggests that he might be able to bring an ex post facto claim based on the Supreme Court's decision in Peugh v. United States, 133 S. Ct. 2072 (2013). He apparently wants the Court to appoint counsel to explore whether he might have some viable means of challenging his sentence based on Peugh.[3]

As a general rule, however, federal district courts will not appoint counsel to help prisoners investigate and present potential claims for post-conviction relief. See United States v. Hessman, No. C02-3038-LRR (N.D. Iowa 2008), 2008 WL 656507 at *1 ("Generally, the court will not appoint an attorney until an action is filed; the court does not appoint attorneys to assist inmates with investigating or commencing an action.").[4] The Court finds no reason to deviate from this rule here.

---

[3] In Peugh, the Court held that "there is an ex post facto violation when a defendant is sentenced under Guidelines promulgated after he committed his criminal acts and the new version provides a higher applicable Guidelines sentencing range than the version in place at the time of the offense." 133 S. Ct. at 2078. However, Defendant has not shown that he was sentenced under any new Guidelines promulgated after he committed his crime.

[4] In United States v. Howard, No. CR-F-04-5234 OWW, (E.D.Cal. 2008), 2008 WL 2489854 at *1, appeal dismissed, 361 F. App'x 837 (9th Cir. 2010) (unpublished opinion), the Court explained that:

> "Unless and until [a prisoner] files a timely motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, it cannot be determined whether, in the interests of justice, the appointment of counsel and/or the provision of funds to

6

Defendant has no substantive post-conviction motion pending at this time, and he has not shown that he has any viable grounds for challenging his sentence. Furthermore, he has waived his right to seek post-conviction relief under the terms of his plea agreement, and the § 2255(f) one-year statute of limitations is implicated, because the judgment in this case became final more than a year ago. Given these circumstances, the Court will not appoint an attorney to help Defendant determine whether there might still be some way for him to somehow challenge his sentence.

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS ORDERED**:

1. Defendant's "Motion To Obtain Court Documents" (Doc. No. 14) is **DENIED**; and

2. Defendant's undated letter to the Court received on August 19, 2013 (Doc. No. 15) is construed to be a motion for appointment of counsel, and that motion is **DENIED**.

Dated: September 30, 2013

                                                s/Richard H. Kyle
                                                RICHARD H. KYLE
                                                United States District Judge

---

obtain investigatory or expert assistance, is required. [A prisoner] has no statutory or constitutional right to these funds in the absence of [a] timely Section 2255 motion asserting the claims upon which he seeks relief."